# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**BRIAN LANIER TURNER,**   ]
                           ]
  **Movant,**              ]
                           ]
v.                         ]   Case No.: 2:25-cv-8016-ACA
                           ]
**UNITED STATES OF AMERICA**   ]
                           ]
  **Respondent.**          ]

## MEMORANDUM OPINION

Brian Lanier Turner moves to vacate sentence, under 28 U.S.C. § 2255. (Doc. 1). Because this is an impermissibly successive § 2255 motion over which the court lacks jurisdiction, the court **WILL DISMISS** the motion **WITHOUT PREJUDICE**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a movant may not file a second or successive § 2255 motion without first obtaining an order from the court of appeals authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent authorization from the court of appeals, this court lacks jurisdiction to consider a second or successive motion to vacate sentence. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

In 2020, Mr. Turner was convicted of conspiracy to possess with intent to distribute and to distribute methamphetamine and cocaine. *United States v. Turner*, No. 18-594, doc. 87 (N.D. Ala. Sept. 14, 2020). The court sentenced him to 360 months' imprisonment. *Id.* In 2022, Mr. Turner moved to vacate sentence, under § 2255. *Id.*, doc. 99 (N.D. Ala. Jan. 31, 2022). The court denied that motion in part as procedurally defaulted and in part on the merits. *Id.*, doc. 100 (N.D. Ala. Sept. 29, 2022). That denial "constitute[d] a disposition on the merits and thus renders a subsequent . . . § 2255 motion 'second or successive' for purposes of the AEDPA." *Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017) (quotation marks omitted).[1]

Mr. Turner's current motion seeks to challenge the same sentence his previous motion challenged. (Doc. 106 at 3–5). Accordingly, the current motion is a "second or successive" § 2255 motion and he must obtain the Eleventh Circuit's authorization before filing it in this court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The motion contains no indication that Mr. Turner has obtained such authorization. (*See* doc. 106). Accordingly, the court **WILL DISMISS** the § 2255 motion **WITHOUT PREJUDICE** for lack of jurisdiction.

---

[1] Although *Young* is an unpublished opinion, the court finds it persuasive. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022).

Because an order dismissing a § 2255 motion as successive is not a "final order in proceeding under section 2255," a certificate of appealability is not necessary. *See* 28 U.S.C. § 2253(c)(1)(B); *see Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) ("The key inquiry into whether an order is 'final' for § 2253 purposes is whether it is an order that disposes of the merits of a habeas corpus proceeding.") (quotation marks omitted; alteration accepted).

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this July 21, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE